# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-474V
Filed: October 13, 2015
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| JAMES and JOY PERALES, | * |
| on behalf of J.P., a minor, | * |
| | * |
| Petitioners, | *   Damages Decision Based on Proffer; |
| | *   Rotavirus Vaccine; Intussusception |
| | *   Requiring Surgical Intervention; |
| SECRETARY OF HEALTH | *   Special Processing Unit ("SPU") |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| | * |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

*John Howie, Jr.*, Howie Law, P.C., Dallas, TX, for petitioners.
*Lisa Watts*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On May 11, 2015, James and Joy Perales ("petitioners") filed a petition for compensation on behalf of J.P., their minor child, under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act" or "Program"). The petition alleged that as a result of a rotavirus vaccination on May 12, 2014, J.P. suffered an intussusception requiring surgical intervention. Petition at 1, 3. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On July 13, 2015, I issued a ruling on entitlement, finding petitioners entitled to compensation. On October 12, 2015, respondent filed a proffer on award of compensation ("Proffer"). Respondent proffers that, based upon her review of the

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

evidence of record, petitioners should be awarded $2,163.32 for past unreimbursable expenses and an amount sufficient to purchase an annuity contract as described in Proffer Section II.B.  Petitioners agree with the amounts set forth in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards the following:**

- **A lump sum payment of $2,163.32 in the form of a check payable to petitioners for past unreimbursable vaccine-related medical expenses.** This amount represents all elements of compensation to which J.P. would be entitled under § 300aa-15(a)(1)(B);

- **An amount sufficient to purchase the annuity contract described in the Proffer Section II.B.** This amount represents all remaining elements of compensation to which J.P. would be entitled under § 300aa-15(a).

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** herewith.[3]

                                        **s/Nora Beth Dorsey**
                                        Nora Beth Dorsey
                                        Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

JAMES and JOY PERALES, on behalf of, J.P., a minor,

        Petitioners,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

        Respondent.

**ECF**

No. 15-474V
Chief Special Master
Nora Beth Dorsey

## RESPONDENT'S PROFFER ON COMPENSATION

**I.  Items of Compensation**

    A.  Future Unreimbursable Expenses

The parties agree that based upon the evidence of record, J.P. will not require future medical or rehabilitative care for his vaccine-related injury. Therefore, respondent proffers that petitioners should not be awarded future unreimbursable expenses on J.P.'s behalf under 42 U.S.C. § 300aa-15(a)(1). Petitioners agree.

    B.  Lost Future Earnings

The parties agree that based upon the evidence of record, J.P. will not suffer a loss of earnings capacity as a result of his vaccine-related injury. Therefore, respondent proffers that petitioners should not be awarded anticipated loss of earnings on J.P.'s behalf under 42 U.S.C. § 300aa-15(a)(3)(B). Petitioners agree.

    C.  Pain and Suffering

Respondent proffers that J.P. should be awarded compensation for actual pain and suffering for his vaccine-related injury under 42 U.S.C. § 300aa-15(a)(4). Such compensation shall be in the form of an annuity as forth in section II.B. below. The parties agree that it is

1

unlikely that J.P.'s vaccine-related injury will cause him pain and suffering in the future. Petitioners agree.

   D.  Past Unreimbursable Expenses

Documents supplied by petitioners show that they have incurred past unreimbursable expenses as a result of J.P.'s vaccine-related injury. Respondent proffers that petitioners should be awarded $2,163.32 for past unreimbursable expenses. Petitioners agree.

   E.  Medicaid Lien

Petitioners represent that there is no Medicaid lien outstanding against J.P. for care associated with his vaccine-related injury.

## II. Form of the Award

Based upon the evidence of record, respondent proffers, and the parties recommend, that compensation be made through a combination of a lump sum and future annuity payments as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:

A. A lump sum of $2,163.32 paid to petitioners, representing compensation for past unreimbursable vaccine-related medical expenses. This amount represents all elements of compensation to which J.P. would be entitled under 42 U.S.C. § 300aa-15(a)(1)(B). Petitioners agree.

B. An amount sufficient to purchase an annuity contract,[1] paid to the life insurance company[2] from which the annuity will be purchased,[3] subject to the conditions described below, that will provide payments to J.P. as set forth below:

---

[1] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

1. Beginning March 12, 2032, $6,941.67 payable annually for ten (10) years certain only.

    This amount represents all remaining elements of compensation to which J.P. would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioners agree.[4]

Should J.P. predecease any of the certain payments set forth above, said payments shall be made to his estate.  Written notice to the Secretary of Health and Human Services and to the Life Insurance Company shall be provided within twenty (20) days of J.P.'s death.

### III. Summary of Recommended Payments Following Judgment

    A. Lump sum paid to petitioners for past expenses:  **$ 2,163.32**

    B. An amount sufficient to purchase the annuity contract described above in section II. B.

 

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

---

[2]  The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a. A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

    b. Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

[3]  Petitioners authorize the disclosure of certain documents filed by the petitioners in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

[4]  At the time payment is received, J.P. will be an adult, and thus guardianship is not required.

        VINCENT J. MATANOSKI
        Deputy Director
        Torts Branch, Civil Division

        LINDA S. RENZI
        Senior Trial Counsel
        Torts Branch, Civil Division

        s/Lisa A. Watts
        LISA A. WATTS
        Senior Trial Attorney
        Torts Branch, Civil Division
        U.S. Department of Justice
        P.O. Box 146
        Benjamin Franklin Station
        Washington, D.C. 20044-0146
        Tel:  (202) 616-4099

Date:  October 12, 2015.