# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-474V
Filed: November 5, 2015
UNPUBLISHED

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
JAMES and JOY PERALES,  \*
on behalf of J.P., a minor,  \*
                              \*
           Petitioners,  \*
  v.                          \*
                              \*   Attorneys' Fees and Costs; Stipulation;
SECRETARY OF HEALTH      \*   Special Processing Unit ("SPU")
AND HUMAN SERVICES,      \*
                              \*
           Respondent.  \*
                              \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*John Howie, Jr.*, Howie Law, P.C., Dallas, TX, for petitioners.
*Lisa Watts*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

     On May 11, 2015, James and Joy Perales ("petitioners") filed a petition for compensation on behalf of J.P., their minor child, under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act" or "Program"). The petition alleged that as a result of a rotavirus vaccination on May 12, 2014, J.P. suffered an intussusception requiring surgical intervention. Petition at 1, 3. On October 13, 2015, the undersigned issued a decision awarding compensation to petitioners based on respondent's proffer.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On November 5, 2015, the parties filed a Stipulation of Fact Concerning Attorneys' Fees and Costs. According to the stipulation, the parties stipulate to an award of $9,654.98. In accordance with General Order #9, petitioners' counsel represents that petitioners incurred no out-of-pocket expenses.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e). Based on the reasonableness of petitioner's request and the lack of any objection by respondent, the undersigned **GRANTS** the request for approval and payment of attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $$9,654.98[3] as a lump sum in the form of a check jointly payable to petitioners and petitioners' counsel, John R. Howie, Jr.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y, HHS*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.